IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Edward Leon Morris, | ) | Case No. 1:25-cv-09749-DCC |
| Plaintiff, | ) | |
| v. | ) | **ORDER** |
| Warden John Palmer, LT. A. Brown, OFC. D. Smith, LT. J. Pope, LT. J. Durant, | ) | |
| Defendants. | ) | |

This matter is before the Court upon Defendants' motion for summary judgment. ECF No. 55. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings and a Report and Recommendation ("Report").[1] On April 7, 2026, Defendants filed a motion for summary judgment. ECF No. 55. On the same day, this Court issued an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), advising Plaintiff of the summary judgment/dismissal procedure and the possible consequences if he failed to respond adequately. ECF No. 56. Despite the explanation of the summary judgment/dismissal procedure and the possible consequences for failing to respond, Plaintiff did not respond. On May 13, 2026, the Magistrate Judge issued an

[1] This case was initially assigned to then Magistrate Judge Shiva V. Hodges, who was the Magistrate Judge assigned at the time the motion was filed. It was eventually reassigned to Judge Baker.

order directing Plaintiff to file a response within 14 days of the date of the order and advising him that failure to do so would result in a recommendation that this action be dismissed for failure to prosecute. ECF No. 59. Plaintiff did not file a response. Thereafter, Plaintiff requested and was granted an extension of time in which to file a response to the motion until July 1, 2026. ECF Nos. 69, 71. To date, Plaintiff has not filed a response. On October 9, 2026, the Magistrate Judge issued a Report recommending that this action be dismissed pursuant to Federal Rule of Civil Procedure 41(b). ECF No. 78. The Magistrate Judge advised Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Plaintiff failed to file objections and the time in which to do so has lapsed.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

As stated above, Plaintiff has not objected to the Magistrate Judge's Report. Accordingly, after considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court finds no clear error and agrees with the recommendation of the Magistrate Judge. This action is **DISMISSED** with prejudice pursuant to Federal Rule of Civil Procedure 41(b). The motion for summary judgment [55] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

November 23, 2026
Spartanburg, South Carolina